**Yvonne Florence CARSON, Appellant,**

v.

**Charles Lynn HATHAWAY, Appellee.**

No. 08–98–00238–CV.

Court of Appeals of Texas, El Paso.

July 1, 1999.

---

E.K. Peticolas, Peticolas, Shapleigh, Brandys & Kern, P.L.L.C., El Paso, for appellant.

Gregory B. Pine, El Paso, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

This is an appeal from the trial court's order modifying child support. Appellant, Yvonne Carson, contends that the court abused its discretion in ordering the modification. We affirm the trial court's order.

### *FACTS*

Charles Hathaway and Yvonne Carson were divorced by final decree on December 21, 1995. Hathaway and Carson were appointed joint managing conservators of the two children of the marriage with Hathaway having the exclusive right to establish the primary residence and domicile of the children. The trial court did not order child support. Instead, Hathaway and Carson were each ordered to pay all of the children's expenses for the time each of them had possession of the children. In late 1997, both parties filed motions to modify the trial court's possession and child support order. After a hearing, the trial court found material and substantial changes in circumstances since the previous order. The court continued the parties' joint conservatorship of the children, ordered that there be no primary conservator, and ordered Carson to pay $232 per month in child support to Hathaway. The court did not order Hathaway to pay child support to Carson.

### *DISCUSSION*

In her sole issue on appeal, Carson contends that the trial court abused its discretion by failing to order Hathaway to pay reciprocal child support. When this court reviews modification of a child support order, we are mindful that the best interest of the child is always the trial court's primary consideration.[1] In sum, the trial court retains broad discretion in making the equitable decision of whether to modify a prior support order. A trial court's order regarding child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion.[2] The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or, in other words, whether the act was arbitrary or unreasonable.[3]

Carson argues that the trial court acted arbitrarily by failing to order Hathaway to pay reciprocal child support. She maintains that the lack of reciprocal support in the trial court's order is contrary to the child support guidelines found in the Family Code.[4] We disagree. We find nothing in the guidelines, or elsewhere in the Family Code, requiring reciprocal support where, as here, the parties are made joint managing conservators in the absence of a primary conservator. Carson cites no such authority. Accordingly, the trial court's failure to order reciprocal support does not deviate from the guidelines.

---

1. *See* Tex. Fam.Code Ann. § 156.402 (Vernon 1996); *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.—Austin 1996, no writ); *MacCallum v. MacCallum,* 801 S.W.2d 579, 583 (Tex.App.—Corpus Christi 1990, writ denied).

2. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

3. *Id.*

4. *See* Tex. Fam.Code Ann. § 154.125 (Vernon 1996).

Moreover, we do not find any indication in the record before us that the trial court otherwise abused its discretion.[5]

■ Carson also requests that this court remand the cause to the trial court for entry of findings of fact in support of the alleged deviation from the guidelines. The Family Code requires the trial court to make findings only if the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines, if a party makes an oral request for findings during the hearing, or if a party makes a written request for findings not later than 10 days after the hearing.[6] There is no showing on this record that the trial court's order varied from the guidelines, or that Carson timely requested findings. Consequently, there was no need for the trial court to make the findings Carson requests for the first time on appeal.

## CONCLUSION

We overrule Carson's issue on appeal and affirm the trial court's order.

McCLURE, J., concurring

ANN CRAWFORD McCLURE, Justice, concurring.

While Carson's theory is a novel one, it is not founded in law. I begin by noting that the parties waived their right to a reporter's record of the modification hearing, and so we have before us none of the evidence upon which the modification order is based. The case proceeded to trial

5. There is no record from this hearing pursuant to the parties' agreement and the trial court's approval.

6. TEX. FAM.CODE ANN. § 154.130(a)(3) (Vernon 1996).

1. The Texas Family Code was recodified and amended in 1995. Acts 1995, 74th Leg., R.S., ch. 20, § 1, 1995 TEX. GEN. LAWS 113, eff. April 20, 1995. Former Section 14.055 was restructured and appears in Subchapter C of Chapter 154. Although the standard form appropriately references the recodification in most instances, this particular finding refer-

before Associate Judge Kathleen Anderson. At the conclusion of the hearing, Judge Anderson entered written findings on the standard form utilized by the Associate Judges in El Paso County. Pertinent to the child support issue, she completed the form as follows:

### FINDINGS OF FACT—CHILD SUPPORT

PURSUANT TO SEC. 154.130, TEXAS FAMILY CODE, THE FOLLOWING FINDINGS ARE MADE:

(1) the amount of net resources available to the obligor per month is *$926.46.*

(2) the amount of net resources available to the obligee per month is *$3201.31.*

(3) the amount of child support payments per month that is computed by Sec. 14.055,[1] Texas Family Code, as applied is *$232.*

(4) the percentages(s) applied to the obligor's net resources for child support by the actual order rendered by the Court is/are *25%*, and if applicable.

(5) the specific reason(s) that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Sec. 14.055,[2] Texas Family Code is/are: _____.

This last blank was left empty. These findings were incorporated into the modification order which was signed by the referring court.

Carson recognizes that the appropriate appellate standard of review in a child support dispute is whether the trial court abused her discretion. Carson's appeal focuses on two questions of law:[3]

ences the predecessor statute.

2. The error mentioned in footnote 1 reappears here.

3. Carson's prayer for relief requests that the modification order be reversed and that this court render judgment that Hathaway pay Carson child support in the amount of $800.33 per month, or alternatively, that the appeal be abated and the trial court directed to complete the omitted statutory finding. The $800 figure is calculated by applying the 25 percent guideline for two children to Hathaway's net resources of $3201.31.

Does the failure of the trial court to order reciprocal child support in a joint managing conservatorship, which establishes the primary residence of the children by geographic boundary rather than by an assigned right to a particular conservator, constitute an abuse of discretion as a matter of law?

Alternatively, does the failure to order reciprocal support constitute a deviation from the child support guidelines so as to require the statutory finding contained in TEX. FAM.CODE ANN. § 154.130(a)(3) (Vernon 1996)?

I believe both questions must be answered in the negative.

The original decree of divorce was effectuated by the agreement of the parties, not by court order following a contested hearing. Pursuant to their agreement, Carson and Hathaway were appointed joint managing conservators with Hathaway having the exclusive right to establish the primary residence and domicile of the children and the right to possession of the children at all times not expressly awarded to Carson or otherwise agreed by the parties. The decree incorporated the statutory standard possession order. Carson was ordered to support the children "by providing said children with food, clothing, shelter, transportation and medical care" during her periods of possession. Alleging that Hathaway had sought employment in Albuquerque, New Mexico, and fearing that he and the children would move away from El Paso, Carson moved to modify the order seeking to retain the joint managing conservatorship but asking that she be awarded the exclusive right to establish the primary residence and domicile of the children. She also sought child support consistent with the guidelines and "standard visitation" for Hathaway. In response, Hathaway sought an order requiring Carson to pay child support. To support their respective claims for a modification, both parties alleged that the circumstances of the children or joint managing conservators had materially and substantially changed since the date of the prior order.[4] TEX. FAM. CODE ANN. §§ 156.202, 156.401.

The modification order at issue retained the joint managing conservatorship but provided that "neither party is named primary care taker of the children." Further, it stated:

IT IS ORDERED that the domicile of the children shall remain in El Paso County, Texas, and the parties are enjoined from removing the children from El Paso County, Texas for the purpose of changing the domicile until altered by further order of the court of continuing jurisdiction. IT IS ORDERED that CHARLES LYNN HATHAWAY, as Joint Managing Conservator, shall also have the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children.

Despite the fact that neither party was named "primary care taker,"[5] the order provided that Carson "shall have possession of the children at all times as the parties may mutually agree, and, in the absence of mutual agreement" as provided in the standard possession order applying to persons living within 100 miles of each other.[6] TEX. FAM.CODE ANN. § 153.312.

4. Judge Anderson determined that there had been "material and substantial changes" since rendition of the prior support order as required by TEX. FAM.CODE ANN. § 156.401(a)(1) (Vernon Supp.1999). Carson does not challenge that finding.

5. This terminology appears to refer to the fact that neither parent was designated as the conservator having "the exclusive right to determine the primary residence of the child" pursuant to TEX. FAM.CODE ANN. § 153.134(a)(1).

6. The modification order provides that the provisions "are intended to and do comply with the requirements of chapter 153 of the Texas Family Code." There are minor alterations in the pick up and return times which marginally expand Carson's periods of possession. Additionally, inasmuch as the children are enrolled in a school district which operates on a year-round curriculum, the order eliminates the summer visitation and substitutes a division of the intercessory periods.

Clearly, the order contemplates that Hathaway shall have possession of the children at all other times.

The order is in accordance with TEX. FAM.CODE ANN. § 153.134. Subsection (b)(1) provides that in rendering an order appointing joint managing conservators, the court shall establish the county of residence of the child until altered by further order, or designate the conservator who has the exclusive right to determine the primary residence of the child. Here, the court opted to establish the county of residence to ensure that Hathaway did not remove the children from the El Paso area as Carson feared. Joint managing conservatorship does not require the award of equal or nearly equal periods of possession and access. TEX. FAM.CODE ANN. § 153.135. More importantly to this discussion, the appointment of joint managing conservators "does not impair or limit the authority of the court to order a joint managing conservator to pay child support to another joint managing conservator." TEX. FAM. CODE ANN. § 153.138. Further, Section 154.001 authorizes the court to order either or both parents to support a child. No provision mandates reciprocal support. The fact that Carson and Hathaway agreed at the time of divorce that neither would be required to pay support to the other does not limit the trial court in a modification proceeding to a choice between an order that no support will flow between the joint conservators and an order of reciprocal guideline support. I thus conclude that Carson cannot establish that the trial court abused her discretion as a matter of law.

I also concur with the majority that the failure of the trial court to order reciprocal support does not constitute a deviation from the guidelines such that a statutory finding is required under TEX. FAM.CODE ANN. § 154.130(b)(5).[7] The guidelines are "intended to guide the court in determining an equitable amount of child support." TEX. FAM.CODE ANN. § 154.121. The record

Carson does not complain of the periods of possession awarded to her.

**7.** This provision requires a statement of the specific reasons that the amount of child sup-

before us reveals that the trial court strictly applied the guidelines in setting the support which Carson is to pay Hathaway. There being no statutory requirement that Hathaway pay support to Carson, the guidelines are not triggered as to Hathaway's income and the omitted statutory finding is not implicated.

With these comments, I concur.

port per month ordered by the court varies from the amount calculated pursuant to the guidelines.