COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-07-00245-CV |
| IN THE INTEREST OF | § | |
| | | Appeal from |
| J.A.H. and M.K.H., Children. | § | |
| | | 388th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC # 2004CM2562) |
| | § | |

**O P I N I O N**

This appeal stems from a motion to modify child support. M.S.,[1] the mother of the children,

appeals the denial of her motion to increase support. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

The parents were divorced on July 7, 2004. With regard to the division of property, the

decree required Father to pay Mother the sum of $580,000 in cash. He is also obligated to make

monthly payments of $3,500 for ten years such that the total award to Mother amounts to

$1,000,000. She also received a recent model Chevrolet Suburban. Father was awarded the marital

home in west El Paso. The parties were appointed joint managing conservators of their two children

with Mother having possession of the children sixteen days per month while Father has possession

fourteen days per month. Under the terms of the decree, Father is obligated to pay $1,500 per month

in child support. He also provides several additional benefits:

   • health insurance for the children of $262 per month

_____

[1] At the parties' request, we refer to both the parties and the children by their initials.

• unreimbursed medical expenses for the children, averaging $222 per month

• $370 per month into the Texas Tomorrow Fund to finance the children's college education

• all extracurricular expenses for the children such as football and cheerleading uniforms and activity fees

• $11,000 per child per year to a trust for the children which will provide additional funds for the children's college, a first home, or business startup capital

Father also transferred to the children an interest in his business and designated the children as the sole beneficiaries of his estate. All estate taxes will be paid through life insurance.

With the $580,000 cash payment, Mother bought a five bedroom home less than two miles from the marital residence. She was unemployed during the marriage and did not work for a period of time following divorce. She began working as a fund raiser with Court Appointed Special Advocates (CASA) in January 2005, earning $36,000 a year. As of September 2005, she began working as a school teacher for the El Paso Independent School District.

On January 14, 2006, Mother remarried. The couple bought a new home in Horizon City on the far east side of El Paso County the following June. Mother testified she purchased the home because the westside house was too small for the children, lacked a swimming pool, and was located in an unsafe neighborhood. She and her new husband had a child in February 2007.

After the divorce, Mother traded the Suburban for a Lincoln Aviator. She then traded the Aviator for a 2005 Ford Expedition. In June 2006, she purchased another Suburban with a DVD player, wireless headphones, XM satellite radio, and a navigation system.

In July 2006, Mother sought to increase child support based on unspecified material and substantial changes in the circumstances of the children and affected persons. The trial court denied the motion after an evidentiary hearing and this appeal follows.

**SUFFICIENCY OF THE EVIDENCE**

In her first two issues for review, Mother challenges the sufficiency of the evidence to support the trial court's findings that the circumstances of the children have not materially or substantially changed since the date of divorce and that the needs of the children are being met.

*Standard of Review*

An order regarding child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). While an appellant may challenge the sufficiency of the evidence to support findings of fact, in most circumstances, that is not enough. We must engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion? *Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.). The traditional sufficiency inquiry applies to the first question. *Id.* Once we have determined whether sufficient evidence exists, we must then decide whether the trial court made a reasonable decision. In other words, we must conclude that the ruling was neither arbitrary nor unreasonable.

In considering a legal sufficiency or "no evidence" point, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). Even if evidence is undisputed, it is the province of the trier of fact to draw from it whatever inferences it wishes so long as more than one inference is possible. *Id.* at 821. But if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.* We are also mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. When there is conflicting evidence, it is the province of the trier of fact to resolve such conflicts. *Id.* at 820. In every circumstance in which a reasonable trier of fact could resolve conflicting evidence either way, the reviewing court must presume it did so in favor of the prevailing party, and disregard the

conflicting evidence in its sufficiency review. *Id.* at 821. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the trier of fact must be allowed to do so. *Id.* at 822. So long as the evidence falls within this zone of reasonable disagreement, we may not substitute our judgment for that of the trier-of-fact. *Id.* The ultimate test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827.

A factual sufficiency point requires examination of all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Worsham Steel Co. v. Arias*, 831 S.W.2d 81 (Tex.App.--El Paso 1992, no writ). The reviewing court cannot substitute its conclusions for those of the jury. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.App.--El Paso 1981, no writ). It is not within the province of this court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951); *Reynolds v. Kessler,* 669 S.W.2d 801, 807 (Tex.App.--El Paso 1984, no writ). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820, 821 (1947); *Oechsner v. Ameritrust Texas, N.A.,* 840 S.W.2d 131, 136 (Tex.App.--El Paso 1992, writ denied). In a bench trial, findings of fact are the equivalent of a jury answer to the special issues. *Lindsey,* 965 S.W.2d at 591; *Associated Telephone Directory Publishers, Inc. v. Five D's Publishing Co.,* 849 S.W.2d 894, 897 (Tex.App.--Austin 1993, no writ).

The term "abuse of discretion" is not susceptible to rigid definition. *Lindsey,* 965 S.W.2d at 591; *Landon v. Jean-Paul Budinger, Inc.,* 724 S.W.2d 931, 934 (Tex.App.--Austin 1987, no writ).

The test is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), *citing Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.-1939, opinion adopted). Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Company,* 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex. 1970). The mere fact that a trial judge may decide a matter within her discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex. 1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

*Material or Substantial Change in Circumstances*

To modify child support, the movant must demonstrate that there has been a material and substantial change in the circumstances of a child or a person affected by the prior order since the date the order was rendered. *See* TEX.FAM.CODE ANN. § 156.401 (Vernon 2008); *Lindsey,* 965 S.W.2d at 593. The best interest of the child is always the trial court's primary consideration in determining questions of child support. *Carson v. Hathaway,* 997 S.W.2d 760, 761 (Tex.App.--El Paso 1999, no pet.); *Lindsey,* 965 S.W.2d at 593. The court retains broad discretion in making the equitable decision of whether to modify a prior support order.

The Texas Family Code provides that "[a]n increase in the needs, standard of living, or lifestyle of the obligee since the rendition of the existing order does not warrant an increase in the obligor's child support obligation." TEX.FAM.CODE ANN. § 156.405. Yet virtually all of the evidence Mother presented reflects a change in her circumstances rather than a change in the

children's circumstances. She testified that over a fifteen month period from the date of the divorce, the living expenses for herself and the children increased from $6,500 a month to $12,000 a month. Part of this increase is due to the larger, more expensive home she purchased in far east El Paso. After the divorce, Mother spent $250,000 of the $580,000 cash settlement on a five-bedroom home which she owned outright. She sold it for $259,000 and used the proceeds as a down payment to purchase a house in Horizon City that was almost twice as expensive. When questioned about the purchase, Mother explained that the westside house was not large enough to accommodate her new family. Admittedly, the new house is considerably closer to her husband's farms in Hudspeth County. On this record, we conclude that the purchase of the house was a change in lifestyle and not a material or substantial change in the circumstances of the children. It was an upgrade intended to better suit Mother's new marriage and expanding family. She does not cite, nor have we found, any authority for the proposition that a subsequent marriage or an additional child constitutes a material or substantial change in circumstances warranting an increase in support. And although Mother testified that her monthly expenses have increased by $5,500, the only changes in her expense report relate to mortgage, utility, and car payments. The evidence is both legally and factually sufficient to support the trial court's findings that any changes in Mother's circumstances related to her lifestyle. Because there was no abuse of discretion, we overrule Issue One.

<em>Proven Needs of the Children</em>

Mother next challenges the trial court's determination that both parents have sufficient financial resources available to support the children and that there is no justification for an increase in support because the needs of the children are already being met. A court may order additional child support depending on the income of the parties and the proven needs of the children. TEX.FAM. CODE ANN. § 154.126. An award of support in excess of the statutory guidelines must

be based on the unmet needs of the children. *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 417 (Tex. 1993). The needs of a child are not limited to "the bare necessities of life." *Id.* at 417 n.3; *Thomas v. Thomas,* 895 S.W.2d 895, 896 (Tex.App.--Waco 1995, writ denied). Rather, it is an ambiguous term which has never been defined by the Code, and consequentially has been left for the courts to determine in their discretion on a case-by-case basis. *Scott v. Younts*, 926 S.W.2d 415, 420 (Tex.App.--Corpus Christi1996, writ denied).

Mother introduced her credit card statements from December 2005 through May 2007 to determine the average monthly expenditures for the children. For clothing, entertainment, and travel, she spends $1,824 per month. For groceries and supplies, she spends $656. She spends $299 per month on restaurants and withdraws $200 in petty cash each week. She attributes two-thirds of the $3,000 house payment ($2,000) and two-thirds of the nearly $780 car payment ($514.80) to the children. She also calculates $514 for their share of utilities. From this and other evidence, she concludes that the children's monthly needs total $6,422.80.

During the hearing, Father questioned whether these expenditures were really necessary to meet the needs of the children. For example, her expense report includes a $100 purchase for Estee Lauder sun tan lotion and the purchase of a digital camera as a school supply. It reflects outings to Cattleman's steakhouse where Mother purportedly spent $175 for the children's food. She essentially spends $114 per day on the children for clothing, entertainment, and travel.

The accuracy and credibility of Mother's testimony were also an issue. For example, a charge at Target that she attributed to the older children was actually a purchase of infant formula. Three restaurant charges attributed to the children occurred on dates the children were with their father. Mother also testified that she was the only one to use the Visa card, but her husband's signature appeared on an invoice. Finally, she testified that her take home pay was $2,200 per month

while her bank records reflect deposits of $2,590 per month.  We conclude the evidence was both legally and factually sufficient to support the trial court's determination that the needs of the children are already being met.  Because the trial court did not abuse her discretion, we overrule Issue Two.

## FAILURE TO MAKE FINDINGS

In her third issue, Mother complains of the trial court's failure to make specific findings as to the proven needs of the children.  Father responds that a court is required to make the findings only when "rendering an order of child support."  TEX.FAM.CODE ANN. § 154.130.  We agree.  By its terms, the statute requires the trial court to provide findings upon request in contested hearings in which "the amount of the support is set or modified by the court." *Gaxiola v. Garcia*, 169 S.W.3d 426, 430 (Tex.App.--El Paso 2005, no pet.).  The statute does not require findings on the proven needs of the child when a motion to modify is denied.  Consequently, we perceive no abuse of discretion.  We overrule Issue Three.

## CONSIDERATION OF ACCESS AND POSSESSION SCHEDULE

Finally, Mother argues that the trial court abused its discretion in considering the visitation schedule of the children. She directs us to *Scott v. Younts*, 926 S.W.2d 415, 420 (Tex.App.--Corpus Christi 1996, writ denied) in support of the proposition that possession schedules are irrelevant to departures from the child support guidelines. In *Scott*, the court held that it was error for the trial court to consider times of possession since the statute only allows a trial court to consider the proven needs of the child and the income of the parties. *Id*. Ultimately, the court found that there were other sufficient grounds for the trial court's order such that any error was harmless. *Id*. at 422. We conclude that *Scott* is inapplicable here.

It is clear from her findings that the trial court believed Father and discredited Mother's testimony. This was in large part attributable to Father's meticulous record-keeping concerning his own expenditures for the children. He has custody of the children fourteen days out of every month during which he provides all of the children's clothing, groceries, entertainment, dining out, vacations, gifts, and school supplies. He calculated these expenses at $1,087 per month. To support his calculations, he introduced into evidence five volumes of credit card and bank statements. While the relatively equal division of possession may not be relevant to the support issue, the discrepancy in the monies Mother purports to spend in comparison to the monies Father purports to spend over the same time period is relevant to witness credibility. Because we find no abuse of discretion, we overrule Issue Four. Having overruled all issues for review, we affirm the judgment of the trial court.

November 18, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

ANN CRAWFORD McCLURE, Justice