COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ANNA MONTES, | | No. 08-09-00282-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 388th District Court |
| | § | |
| STEVEN FILLEY, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2003CM7325 |
| | § | |

**O P I N I O N**

This is an appeal from the trial court's order modifying the divorce decree of the parties. For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

Anna Montes and Steven Filley divorced in 2004. The divorce decree appointed them as joint managing conservator and granted Filley the right to designate the primary residence of the children. There was no order for direct payment of child support; instead each parent was to support the children during their respective periods of possession. The decree specified that any medical expenses incurred which were not covered by insurance, were to be shared equally by the parties.

The children were covered under Filley's personal Blue Cross/Blue Shield policy until sometime in 2006 or 2007 at which point they became eligible under the Children's Health Insurance Program (CHIP). After Montes remarried, the children were added to their stepfather's insurance policy. They remained covered through the trial in 2009.

In December 2006, Filley filed a motion to modify and a motion for contempt. He sought to recover expenses incurred on behalf of his children and court-ordered child support from Montes.

In April 2007, the court entered temporary orders requiring Montes to maintain health insurance for the children through her husband's employment.

Montes filed an answer and a counter-petition seeking to modify support obligations, possession, and access. Both parties filed amended pleadings and ultimately signed a Rule 11 agreement. It was entered into evidence at a hearing on February 2, 2009. The agreement (minus the signatures of both parties which appear on the bottom of page two) is set out in its entirety below:

Rule 11 Agreement Re Visitation

The parties agree to the following modification of the Final Divorce Decree:

Weekly Visitation
During the school year, weekly visitation, shall be described in the Agreed Additional Temporary Restraining Orders except that Wednesdays, the party not in possession of the child for the week shall have visitation after school until 8:00 p.m. The party visiting shall drop the children off at the other party's house after visitation.

Holiday visitation according to the standard Possession order
Christmas vacation as in the Final Divorce Decree but Easter Visitation will be discussed [sic] later.
Birthday Visitation: (including parent's birthday) Whoever has possession of the child shall have possession until 6:00 p.m. The other party shall have possession from 6:00 p.m. to 8:00 p.m. if a school night or 6:00 p.m. to 10:00 p.m. if not a school night or 6:00 p.m. thru overnight if it is that parties night.

Summer Visitation
Each party gets 21 uninterrupted days with the children. The remaining time shall be split week by week with no Wednesday visits.

Medication
The medication will follow the children.

Email
Parties will check their email daily and respond to e-mail requiring a response within 24 hours of time sent.

School lunches
Whoever has the kids is responsible for school lunches.

All other provisions of the divorce remain effective until agreed otherwise.

Both parties testified. Filley claimed that he incurred a variety of expenses above and beyond expenditures for food, clothing, and shelter. A list of expenses was admitted over objection. Montes also testified to the medical expenses which she had paid as well as those which Filley incurred.

The trial court found that Filley had incurred $18,318.55 in medical-related expenses for which Montes had not paid her share. It also found that Montes had incurred $2,444.50 for which Filley had not paid his share. Montes was ordered to pay half the difference. She was also ordered to include the children on her husband's health insurance policy as long as that option was available.

## MODIFICATION ISSUES

Montes attacks the trial court's order modifying the parties' medical support obligations. In her first three issues, Montes complains that (1) all disputed issues were resolved by the Rule 11 agreement; (2) there were no pleadings to support a modification of medical coverage; and (3) there is no legal basis for ordering a non-parent third party to provide medical insurance.

### Standard of Review

Texas courts are required to order child support as well as medical support in suits affecting the parent-child relationship. TEX.FAM.CODE ANN. §§ 154.008, 154.181(a)(West 2008). Medical support includes medical insurance coverage. TEX.FAM.CODE ANN. §§ 154.181(d), 154.182. As with the majority of appealable issues in family law cases, medical support orders are reviewed for an abuse of discretion. *See Jurek v. Couch-Jurek*, 296 S.W.3d 864, 873 (Tex.App.--El Paso 2009, no pet.)(holding that most appealable issues in family law cases are evaluated under an abuse of discretion standard, including the issues of property division incident to divorce, conservatorship, visitation, and child support).

A party attacking the ruling of a trial court as an abuse of discretion, "labors under a heavy burden." *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex.App.--El Paso 2010, no pet.). The test is not

whether the trial judge decided the matter in the same manner as an appellate judge, but rather whether the trial judge acted in a manner within his discretionary authority. *Id.*; *In re J.A.H.*, 311 S.W.3d 536, 541 (Tex.App.--El Paso 2009, no pet.). To overturn a trial judge's decision for an abuse of discretion, we must conclude the trial judge acted without reference to any guiding rules and principles, or in a manner that was arbitrary and unreasonable. *In re J.A.H.*, 311 S.W.3d at 541. A mere error of judgment is not an abuse of discretion. *McClain*, 320 S.W.3d at 397.

### *The Rule 11 Agreement*

In the first two issues, Montes challenges the modification order because (1) the parties' Rule 11 Agreement resolved the issues; or (2) the pleadings failed to raise the issue. Montes takes the position that all issues were resolved by the agreement because it provided for modifications in visitation, medication, e-mails and school lunches. It then concludes that, "[a]ll other provisions of the Divorce [Decree] remain effective until agreed otherwise." Montes contends that the only remaining issue was the reimbursement of expenses.

The Rule 11 Agreement is entitled, "Re Visitation." The majority deals with the specifics of possession and visitation of the children. The only provision related to medical needs specifies only that, "the medication will follow the children." The parties signed the agreement in January 2009 prior to the hearing. After signing the agreement, both parties amended their pleadings seeking modification of support obligations.

This case proceeds without benefit of findings of fact and conclusions of law. The trial court implicitly found that the global reference that "[a]ll other provisions of the divorce remain effective until agreed otherwise" applied only to those provisions regarding visitation. A trial court has discretion to accept or reject agreements entered into by parents, by exercising their independent judgment in determining the best interests of the child. *See* TEX.FAM.CODE ANN. § 154.124;

*Williams v. Patton*, 821 S.W.2d 141, 143-44 (Tex. 1991).  There is no abuse of discretion in the trial court's decision to approve the agreement without disposing of the medical support obligation issues pled.  Issue One is overruled.

*The Pleadings*

Montes next argues that the third amended petition only sought child support and did not address medical support obligations.  She contends that this constituted unfair surprise and prejudice as her pretrial preparation relied upon the issues that were pled.

A judgment must be based upon the pleadings.  *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).  The key to determining whether a cause has been properly pled is whether there are sufficient allegations to give fair notice of the claim.  *Id*. at 683.  A trial court's determination as to whether the pleadings requested a particular support order is reviewed under the abuse of discretion standard, and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal.  *See In re Marriage of Lamirault*, No. 07-01-0133-CV, 2001 WL 1166373, at *2 (Tex.App.-- Amarillo 2001, no pet.)(not designated for publication); *DuBois v. DuBois*, 956 S.W.2d 607, 610 (Tex.App.--Tyler 1997, no pet.); *In the Interest of P.J.H.*, 25 S.W.3d 402, 405 (Tex.App.--Fort Worth 2000, no pet.).  In deciding whether a trial court has abused its discretion, we must first determine whether the court acted without reference to any guiding rules or principles, in other words, arbitrarily or unreasonably.  *DuBois*, 956 S.W.2d at 610.  We view the evidence in a light most favorable to the court's action and indulge every legal presumption in favor of the judgment. *Id.*  If some probative and substantive evidence supports the judgment, the trial court did not abuse its discretion.  *Id.*

We disagree that Filley's petition did not give fair notice of his request to modify the medical support obligations.  It specifically alleged violations by Montes for failing to reimburse medical

expenses incurred on behalf of the children and requested the court to render judgment ordering Montes pay her share of those costs. Montes herself sought to modify the medical support obligations and opined that the claimed reimbursement expenses were unenforceable. Because we find no abuse of discretion, we overrule Issue Two.

*Third-Party Medical Support Obligation*

In Issue Three, Montes attacks the court's order requiring a non-parent third party to provide medical insurance of the children, contrary to the cost allocation priority order set out in Section 154.182 of the Texas Family Code. The judge's initial letter ruling on the hearing made no specific mention as to health insurance coverage. Filley filed a motion for clarification and in a letter dated May 12, 2009, Judge Alcala responded as follows:

> On February 6, 2009 I provided you with my rulings on the issues presented at the hearing. There was a request to clarify the issue of health coverage. In that regard, my ruling will be that the provisions of the Temporary Orders dated May 7, 2007 will be the Court's final orders as to health coverage. . . . In short, although they will both be liable for all medical and health expenses, it will be Mrs. Montes obligation to include them on her husband's insurance and Mr. Filley to enroll them in Medicaid if eligible. If Mrs. Montes no longer has her husband's insurance to include them in or the children are not eligible for Medicaid then they remain equally liable for the cost whether they get together on a health policy and split the premium or pay all medical costs without a policy.

We first disagree with the characterization of the order as requiring the children's stepfather to provide support. Health insurance coverage is available to the children through their stepfather's employment and the trial court's order simply required that Montes include the children on that policy as long as the option is available. Under Section 154.182(b):

> (b) In determining the manner in which health care coverage for the child is to be ordered, the court shall render its order in accordance with the following priorities, unless a party shows good cause why a particular order would not be in the best interest of the child:

.    .    .

(2) if health insurance is not available for the child under Subdivision (1) but is available to a parent from another source and at a reasonable cost, the court may order that parent to provide health insurance for the child;

TEX.FAM.CODE ANN. § 154.182(b)(2)(West Supp. 2010).

Filley testified that while he had a private health insurance policy for himself, he did not have an employer-provided or group insurance policy. Montes testified that she was not employed outside of the home, but she was covered by health insurance through her husband's employer. We find no abuse of discretion in the order requiring that Montes include the children on her husband's health insurance policy.[1] Issue Three is overruled.

## EVIDENTIARY ISSUES

In Issues Four, Five, and Six, Montes complains of evidentiary error. All three of these issues focus on the admissibility of Petitioner's Exhibit 1, a summary prepared by Filley itemizing the expenses which he incurred on behalf of the children and for which he sought reimbursement. Because of the limited content of Montes' appellate argument in her brief, we need only address the evidentiary issues properly raised:[2] (1) whether the trial court abused its discretion in admitting and relying upon Petitioner's Exhibit 1 in ruling on the case; and (2) whether error, if any, was harmful.

### Standard of Review

It is within the trial court's discretion to admit or exclude evidence. *See Jordan v. Court of Appeals for Fourth Supreme Judicial District,* 701 S.W.2d 644, 649 (Tex. 1985); TEX.R.APP.P. 44.1(a). To obtain reversal of judgment based on error of trial court in admission or exclusion of evidence, it must be shown that trial court did in fact commit error, and that error was reasonably

---

[1] Finally, Appellant argues that no material change existed to warrant modification, but cites no authority in support of this contention, thus waiving any issue for our review on appeal. *See* TEX.R.APP.P. 38.1(h).

[2] *See* TEX.R.APP.P. 38.1(h).

calculated to cause and probably did cause rendition of improper judgment. *Gee v. Liberty Mutual Fire Insurance Co.*, 765 S.W.2d 394, 396 (Tex. 1989).

On appeal, the appellate court must determines if trial court had sufficient information upon which to exercise its discretion and whether trial court erred in its application of discretion. *Lide v. Lide*, 116 S.W.3d 147,151 (Tex.App.--El Paso 2003, no pet.). Once the appellate court has determined whether sufficient evidence exists to support trial court's decision, the appellate court must then decide whether the trial court made a reasonable decision; in other words, the appellate court must conclude that the ruling was neither arbitrary nor unreasonable. *Id*.

*Petitioner's Exhibit 1*

Montes offers numerous challenges to the admissibility of this exhibit: the summaries provided in the exhibit did not meet the requirements to be admissible; the testimony from the summaries was not competent; the summaries were not the best evidence; the summaries were conclusory, bolstering and self-serving; the summaries, in their form were not subject to the rule of optional completeness; and finally, that, as presented, the summaries had no probative or substantive value. Despite her many allegations, the crux of her argument lies with Rule of Evidence 1006.[3] Filley counters that the exhibit was offered merely as a list of expenses, and not as a document summarizing voluminous business records.

In his letter dated February 6, 2009, Judge Alcala found that: "Anna Montes, after all due offsets, is liable for reimbursement to Steven Filley in the amount of $7,937.02 for medical

---

[3] Texas Rule of Evidence 1006 governs the admission of summaries stating that:

> The contents of voluminous writings, recordings, or photographs, otherwise admissible, which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

TEX.R.EVID. 1006.

expenses." Specifically, the court found that Filley incurred reasonable and necessary medical expenses of: (1) $16,958.50 as described in Petitioner's Exhibit 1 as "Health/Medical" expenses; and (2) $1,360.05 as described in Petitioner's Exhibit 1 as "Account Misc. Items."[4] The Court also found that Montes incurred a total of $2,444.50 for reasonable and necessary medical expenses. The ruling denied all other requests for reimbursement, requests regarding child support from both parties, and attorney's fees.[5]

While Montes contends that the court based its findings only upon Petitioner's Exhibit 1, the record includes actual bills and payments in addition to the summaries. The weight and credibility to give evidence is at the discretion of the trial court. Because we perceived no abuse of discretion, we overrule Issues Four and Five. Having found no error, it is unnecessary for us to conduct a harm analysis. We overrule Issue Six and affirm the judgment of the trial court.


August 31, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[4] The specific, "Account Misc. Items," listed by the trial judge in his letter ruling on the case are: (1) 1-800-CONTACT - $539.20; (2) Mesa Eye Center - $153.00; (3) Wal-Mart - $240.00; (4) Lenscrafters - $100.00; and (5) Medtime - $327.85.

[5] In the appendix of her brief, Appellant includes only page one of the February 6, 2009 letter/ruling from Judge Alcala. While that page lists the expenses the Court found were owed to Mr. Filley, the second page of the letter contains the remaining information set out above.