COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ANNA MONTES,

                                    Appellant,

v.

STEVEN FILLEY,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00282-CV

Appeal from
388th District Court

of El Paso County, Texas

(TC # 2003CM7325



 

 

 




O P I N I O N

            This is an appeal from the trial court’s order modifying the divorce decree of the parties. For
the reasons that follow, we affirm. 
FACTUAL BACKGROUND
            Anna Montes and Steven Filley divorced in 2004. The divorce decree appointed them as
joint managing conservator and granted Filley the right to designate the primary residence of the
children. There was no order for direct payment of child support; instead each parent was to support
the children during their respective periods of possession. The decree specified that any medical
expenses incurred which were not covered by insurance, were to be shared equally by the parties. 
            The children were covered under Filley’s personal Blue Cross/Blue Shield policy until
sometime in 2006 or 2007 at which point they became eligible under the Children’s Health Insurance
Program (CHIP). After Montes remarried, the children were added to their stepfather’s insurance
policy. They remained covered through the trial in 2009.
            In December 2006, Filley filed a motion to modify and a motion for contempt. He sought
to recover expenses incurred on behalf of his children and court-ordered child support from Montes. 
In April 2007, the court entered temporary orders requiring Montes to maintain health insurance for
the children through her husband’s employment.
            Montes filed an answer and a counter-petition seeking to modify support obligations,
possession, and access. Both parties filed amended pleadings and ultimately signed a Rule 11
agreement. It was entered into evidence at a hearing on February 2, 2009. The agreement (minus
the signatures of both parties which appear on the bottom of page two) is set out in its entirety below:
Rule 11 Agreement Re Visitation
 
The parties agree to the following modification of the Final Divorce Decree: 
 
Weekly Visitation
During the school year, weekly visitation, shall be described in the Agreed Additional
Temporary Restraining Orders except that Wednesdays, the party not in possession
of the child for the week shall have visitation after school until 8:00 p.m. The party
visiting shall drop the children off at the other party’s house after visitation. 
 
Holiday visitation according to the standard Possession order
Christmas vacation as in the Final Divorce Decree but Easter Visitation will be
discussed [sic] later. 
Birthday Visitation: (including parent’s birthday) Whoever has possession of the
child shall have possession until 6:00 p.m. The other party shall have possession
from 6:00 p.m. to 8:00 p.m. if a school night or 6:00 p.m. to 10:00 p.m. if not a
school night or 6:00 p.m. thru overnight if it is that parties night. 
 
Summer Visitation 
Each party gets 21 uninterrupted days with the children. The remaining time shall be
split week by week with no Wednesday visits. 
 
Medication
The medication will follow the children.
 
Email 
Parties will check their email daily and respond to e-mail requiring a response within
24 hours of time sent. 
 
School lunches
Whoever has the kids is responsible for school lunches.
 
All other provisions of the divorce remain effective until agreed otherwise. 

            Both parties testified. Filley claimed that he incurred a variety of expenses above and beyond
expenditures for food, clothing, and shelter. A list of expenses was admitted over objection. Montes
also testified to the medical expenses which she had paid as well as those which Filley incurred.
            The trial court found that Filley had incurred $18,318.55 in medical-related expenses for
which Montes had not paid her share. It also found that Montes had incurred $2,444.50 for which 
Filley had not paid his share. Montes was ordered to pay half the difference. She was also ordered
to include the children on her husband’s health insurance policy as long as that option was available.
MODIFICATION ISSUES
            Montes attacks the trial court’s order modifying the parties’ medical support obligations. In
her first three issues, Montes complains that (1) all disputed issues were resolved by the Rule 11
agreement; (2) there were no pleadings to support a modification of medical coverage; and (3) there
is no legal basis for ordering a non-parent third party to provide medical insurance.
Standard of Review
            Texas courts are required to order child support as well as medical support in suits affecting
the parent-child relationship. Tex.Fam.Code Ann. §§ 154.008, 154.181(a)(West 2008). Medical
support includes medical insurance coverage. Tex.Fam.Code Ann. §§ 154.181(d), 154.182. As
with the majority of appealable issues in family law cases, medical support orders are reviewed for
an abuse of discretion. See Jurek v. Couch-Jurek, 296 S.W.3d 864, 873 (Tex.App.--El Paso 2009,
no pet.)(holding that most appealable issues in family law cases are evaluated under an abuse of
discretion standard, including the issues of property division incident to divorce, conservatorship,
visitation, and child support).
            A party attacking the ruling of a trial court as an abuse of discretion, “labors under a heavy
burden.” McClain v. Terry, 320 S.W.3d 394, 397 (Tex.App.--El Paso 2010, no pet.). The test is not
whether the trial judge decided the matter in the same manner as an appellate judge, but rather
whether the trial judge acted in a manner within his discretionary authority. Id.; In re J.A.H., 311
S.W.3d 536, 541 (Tex.App.--El Paso 2009, no pet.). To overturn a trial judge’s decision for an
abuse of discretion, we must conclude the trial judge acted without reference to any guiding rules
and principles, or in a manner that was arbitrary and unreasonable. In re J.A.H., 311 S.W.3d at 541. 
A mere error of judgment is not an abuse of discretion. McClain, 320 S.W.3d at 397. 
The Rule 11 Agreement 
            In the first two issues, Montes challenges the modification order because (1) the parties’ Rule
11 Agreement resolved the issues; or (2) the pleadings failed to raise the issue. Montes takes the
position that all issues were resolved by the agreement because it provided for modifications in
visitation, medication, e-mails and school lunches. It then concludes that, “[a]ll other provisions of
the Divorce [Decree] remain effective until agreed otherwise.” Montes contends that the only
remaining issue was the reimbursement of expenses.
            The Rule 11 Agreement is entitled, “Re Visitation.” The majority deals with the specifics
of possession and visitation of the children. The only provision related to medical needs specifies
only that, “the medication will follow the children.” The parties signed the agreement in January
2009 prior to the hearing. After signing the agreement, both parties amended their pleadings seeking
modification of support obligations.
            This case proceeds without benefit of findings of fact and conclusions of law. The trial court
implicitly found that the global reference that “[a]ll other provisions of the divorce remain effective
until agreed otherwise” applied only to those provisions regarding visitation. A trial court has
discretion to accept or reject agreements entered into by parents, by exercising their independent
judgment in determining the best interests of the child. See Tex.Fam.Code Ann. § 154.124;
Williams v. Patton, 821 S.W.2d 141, 143-44 (Tex. 1991). There is no abuse of discretion in the trial
court’s decision to approve the agreement without disposing of the medical support obligation issues
pled. Issue One is overruled.
The Pleadings
            Montes next argues that the third amended petition only sought child support and did not
address medical support obligations. She contends that this constituted unfair surprise and prejudice
as her pretrial preparation relied upon the issues that were pled. 
            A judgment must be based upon the pleadings. Stoner v. Thompson, 578 S.W.2d 679, 682
(Tex. 1979). The key to determining whether a cause has been properly pled is whether there are
sufficient allegations to give fair notice of the claim. Id. at 683. A trial court’s determination as to
whether the pleadings requested a particular support order is reviewed under the abuse of discretion
standard, and, absent a clear abuse of discretion, the trial court’s order will not be disturbed on
appeal. See In re Marriage of Lamirault, No. 07-01-0133-CV, 2001 WL 1166373, at *2 (Tex.App.--Amarillo 2001, no pet.)(not designated for publication); DuBois v. DuBois, 956 S.W.2d 607, 610
(Tex.App.--Tyler 1997, no pet.); In the Interest of P.J.H., 25 S.W.3d 402, 405 (Tex.App.--Fort
Worth 2000, no pet.). In deciding whether a trial court has abused its discretion, we must first
determine whether the court acted without reference to any guiding rules or principles, in other
words, arbitrarily or unreasonably. DuBois, 956 S.W.2d at 610. We view the evidence in a light
most favorable to the court’s action and indulge every legal presumption in favor of the judgment. 
Id. If some probative and substantive evidence supports the judgment, the trial court did not abuse
its discretion. Id.
            We disagree that Filley’s petition did not give fair notice of his request to modify the medical
support obligations. It specifically alleged violations by Montes for failing to reimburse medical
expenses incurred on behalf of the children and requested the court to render judgment ordering
Montes pay her share of those costs. Montes herself sought to modify the medical support
obligations and opined that the claimed reimbursement expenses were unenforceable. Because we
find no abuse of discretion, we overrule Issue Two. 
Third-Party Medical Support Obligation
            In Issue Three, Montes attacks the court’s order requiring a non-parent third party to provide
medical insurance of the children, contrary to the cost allocation priority order set out in Section
154.182 of the Texas Family Code. The judge’s initial letter ruling on the hearing made no specific
mention as to health insurance coverage. Filley filed a motion for clarification and in a letter dated
May 12, 2009, Judge Alcala responded as follows: 
On February 6, 2009 I provided you with my rulings on the issues presented at the
hearing. There was a request to clarify the issue of health coverage. In that regard,
my ruling will be that the provisions of the Temporary Orders dated May 7, 2007 will
be the Court’s final orders as to health coverage. . . . In short, although they will
both be liable for all medical and health expenses, it will be Mrs. Montes obligation
to include them on her husband’s insurance and Mr. Filley to enroll them in Medicaid
if eligible. If Mrs. Montes no longer has her husband’s insurance to include them in
or the children are not eligible for Medicaid then they remain equally liable for the
cost whether they get together on a health policy and split the premium or pay all
medical costs without a policy.

            We first disagree with the characterization of the order as requiring the children’s stepfather
to provide support. Health insurance coverage is available to the children through their stepfather’s
employment and the trial court’s order simply required that Montes include the children on that
policy as long as the option is available. Under Section 154.182(b): 
(b) In determining the manner in which health care coverage for the child is to be
ordered, the court shall render its order in accordance with the following priorities,
unless a party shows good cause why a particular order would not be in the best
interest of the child: 

. . .
 
                        (2) if health insurance is not available for the child under Subdivision (1) but
is available to a parent from another source and at a reasonable cost, the court
may order that parent to provide health insurance for the child; 

Tex.Fam.Code Ann. § 154.182(b)(2)(West Supp. 2010).

            Filley testified that while he had a private health insurance policy for himself, he did not have
an employer-provided or group insurance policy. Montes testified that she was not employed outside
of the home, but she was covered by health insurance through her husband’s employer. We find no
abuse of discretion in the order requiring that Montes include the children on her husband’s health
insurance policy.


 Issue Three is overruled. 
EVIDENTIARY ISSUES
            In Issues Four, Five, and Six, Montes complains of evidentiary error. All three of these
issues focus on the admissibility of Petitioner’s Exhibit 1, a summary prepared by Filley itemizing
the expenses which he incurred on behalf of the children and for which he sought reimbursement. 
Because of the limited content of Montes’ appellate argument in her brief, we need only address the
evidentiary issues properly raised:


 (1) whether the trial court abused its discretion in admitting and
relying upon Petitioner’s Exhibit 1 in ruling on the case; and (2) whether error, if any, was harmful. 
Standard of Review
            It is within the trial court’s discretion to admit or exclude evidence. See Jordan v. Court of
Appeals for Fourth Supreme Judicial District, 701 S.W.2d 644, 649 (Tex. 1985); Tex.R.App.P.
44.1(a). To obtain reversal of judgment based on error of trial court in admission or exclusion of
evidence, it must be shown that trial court did in fact commit error, and that error was reasonably
calculated to cause and probably did cause rendition of improper judgment. Gee v. Liberty Mutual
Fire Insurance Co., 765 S.W.2d 394, 396 (Tex. 1989). 
            On appeal, the appellate court must determines if trial court had sufficient information upon
which to exercise its discretion and whether trial court erred in its application of discretion. Lide v.
Lide, 116 S.W.3d 147,151 (Tex.App.--El Paso 2003, no pet.). Once the appellate court has
determined whether sufficient evidence exists to support trial court’s decision, the appellate court
must then decide whether the trial court made a reasonable decision; in other words, the appellate
court must conclude that the ruling was neither arbitrary nor unreasonable. Id.
Petitioner’s Exhibit 1
            Montes offers numerous challenges to the admissibility of this exhibit: the summaries 
provided in the exhibit did not meet the requirements to be admissible; the testimony from the
summaries was not competent; the summaries were not the best evidence; the summaries were
conclusory, bolstering and self-serving; the summaries, in their form were not subject to the rule of
optional completeness; and finally, that, as presented, the summaries had no probative or substantive
value. Despite her many allegations, the crux of her argument lies with Rule of Evidence 1006.



Filley counters that the exhibit was offered merely as a list of expenses, and not as a document
summarizing voluminous business records. 
            In his letter dated February 6, 2009, Judge Alcala found that: “Anna Montes, after all due
offsets, is liable for reimbursement to Steven Filley in the amount of $7,937.02 for medical
expenses.” Specifically, the court found that Filley incurred reasonable and necessary medical
expenses of: (1) $16,958.50 as described in Petitioner’s Exhibit 1 as “Health/Medical” expenses;
and (2) $1,360.05 as described in Petitioner’s Exhibit 1 as “Account Misc. Items.”


 The Court also
found that Montes incurred a total of $2,444.50 for reasonable and necessary medical expenses. The
ruling denied all other requests for reimbursement, requests regarding child support from both
parties, and attorney’s fees.


 
            While Montes contends that the court based its findings only upon Petitioner’s Exhibit 1, the
record includes actual bills and payments in addition to the summaries. The weight and credibility
to give evidence is at the discretion of the trial court. Because we perceived no abuse of discretion,
we overrule Issues Four and Five. Having found no error, it is unnecessary for us to conduct a harm
analysis. We overrule Issue Six and affirm the judgment of the trial court.


August 31, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.