

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00060-CV

---

IN THE INTEREST OF S.D.F. AND K.M.F., CHILDREN

---

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2019-506

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Father appeals a "Default Order Nunc Pro Tunc to Modify the Parent[-]Child Relationship" that was entered by the trial court after a default prove-up hearing as a result of Father's failure to appear. Father argues that the trial court erred in (1) increasing his child support obligation and modifying the transfer location "when such relief was not requested in [Mother's] Motion" and (2) declining to set aside the original default judgment and grant Father a new trial. Because we find that the trial court did not abuse its discretion in entering the amended default order or in denying Father's motion for new trial, we affirm the trial court's judgment.

## I.    Background

Mother and Father of S.D.F. and K.M.F. were divorced in September 2021. On July 21, 2023, the district court entered its "Order in Suit to Modify Parent-Child Relationship." In February 2025, Mother filed a motion for judgment nunc pro tunc, motion to clarify, and request for production, and, in the alternative, motion to modify the prior judgment with the trial court stating that the July 21, 2023, order was "inconsistent with the rendered rulings of the [c]ourt." Citation was issued, and Father was served on March 11, 2025. Father did not answer or respond to Mother's petition.

A "default prove up" hearing was scheduled for April 10, 2025. Father did not appear and "wholly made default on April 10, 2025." The trial court entered a "Default Order Nunc Pro Tunc to Modify Parent[-]Child-Relationship" (Original Default Order) on April 10, 2025.

Subsequently, on April 29, 2025, Father filed his motion for new trial. Some discovery was conducted, and Mother responded to Father's motion for new trial. The trial court held a hearing on Father's motion for new trial, at which point the parties presented several areas of agreement regarding the modification, with the exception of child support and the transfer location.

On July 1, 2025, the trial court entered its "Amended Default Order Nunc Pro Tunc and to Modify Parent-Child Relationship" (Amended Default Order), in which it retained the Original Default Order's child support and transfer location modifications, but also memorialized agreed-upon terms such as the holiday schedule for possession, among other things. Father appeals the trial court's Amended Default Order.

## I. Modification of Child Support and Transfer Location

### A. Standard of Review and Applicable Law

"We review a trial court's decision regarding custody, control, and possession matters involving [children] under an abuse of discretion standard." *In re B.F.*, No. 06-24-00100-CV, 2025 WL 2252577, at *5 (Tex. App.—Texarkana Aug. 7, 2025, no pet.) (mem. op.) (alteration in original) (quoting *In re D.W.J.B.*, 362 S.W.3d 777, 780 (Tex. App.—Texarkana 2012, no pet.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982))). "A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles." *Id.* (quoting *In re D.W.J.B.*, 362 S.W.3d at 780 (citing *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam))).

We afford the trial court great discretion when determining issues relating to conservatorship. *See Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.); *Gardner v. Gardner*, 229 S.W.3d 747, 753–54 (Tex. App.—San Antonio 2007, no pet.); *see also Gillespie*, 644 S.W.2d at 451. The trial court also has discretion to determine whether pleadings include "sufficient allegations to give fair notice of [a] claim" or requested relief. *Montes v. Filley*, 359 S.W.3d 260, 264 (Tex. App.—El Paso 2011, no pet.).

In determining whether the trial court abused its discretion, we review the "evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *In re J.I.Z.*, 170 S.W.3d 881, 883 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). Where, as here, no findings of fact and conclusions of law are filed, it is "implied that the trial court made all the findings necessary to support its judgment." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *In re P.M.G.*, 405 S.W.3d 406, 410 (Tex. App.—Texarkana 2013, no pet.) (quoting *Worford*, 801 S.W.2d at 109). "A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision." *In re R.T.K.*, 324 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Generally, a court may modify an order affecting the parent-child relationship only if the "modification [is] in the best interest of the child[ren] and . . . the circumstances of the child[ren], a conservator, or other party affected by the order have materially and substantially changed since . . . the date of the rendition of the order." TEX. FAM. CODE ANN. § 156.101(a)(1)(A). However, "[t]he best interest of the child[ren] shall always be the primary

4

consideration of the court in determining the issues of conservatorship and possession of and access to the child[ren]." TEX. FAM. CODE ANN. § 153.002(a) (Supp.). Accordingly, the Supreme Court of Texas has held that "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children." *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967).

### B.     Analysis

We have previously addressed the issue of pleading requirements in *In re Macalik*, 13 S.W.3d 43 (Tex. App.—Texarkana 1999, no pet.) and *In re P.M.G.*, 405 S.W.3d at 417. In *In re Macalik*, the appellant claimed that specific modifications in the final order must have been requested in a pleading in order to provide her with notice of the controverted issues to be decided and to afford her due process. We recognized that "in cases affecting the parent/child relationship, when the best interest of the child[ren] is always the overriding consideration, technical rules of pleading and practice are of little importance, and fair notice is afforded when the pleadings generally invoke the court's jurisdiction over custody and control of the children." *In re Macalik*, 13 S.W.3d at 45 (citing *Leithold*, 413 S.W.2d at 701). In *In re P.M.G.*, where the petitioner sought a modification of conservatorship and asked that he be appointed as the person who has the right to designate the primary residence of the child, we relied upon our prior holding in *In re Macalik* and found that the "request necessarily invoked the jurisdiction of the trial court over the matters of custody and control, imbuing the trial court with 'decretal powers' over [the child's] geographic residence." *In re P.M.G.*, 405 S.W.3d at 417 (citing *Leithold*, 413 S.W.2d at 701).

Here, Father claims that Mother's petition to modify

*only* requested the following modifications of child support and possession and access:

> (a)    a modification of possession and access to account for the Children being together during all non-school periods; and

> (b)    a modification of Father's child support obligations to include a step-down provision for when S.D.F. is emancipated or attains the age of majority.

However, Mother's petition also alleges, in broader terms, that the circumstances of the parties had materially changed since the rendition of the trial court's prior order. And, with respect to Mother's request to modify possession and access, Mother additionally alleged that the trial court's prior order was no longer "workable." We find that this language was sufficient to provide Father with fair notice of the issues to be decided at the hearing.

As in *In re P.M.G.*, we find that Mother's request necessarily invoked the jurisdiction of the trial court over the matters of custody and control, imbuing the trial court with "decretal powers." *See id.* Because Mother's petition necessarily invoked the trial court's jurisdiction "over the matters of child support, custody, and control," we conclude "that the pleadings were sufficient to support the modifications made by the trial court." *In re Macalik*, 13 S.W.3d at 45. We, therefore, overrule Father's first issue.

## II.    New Trial

In his second issue, Father argues that the trial court erred in denying him a new trial.

## A.    Standard of Review

"A trial court's denial of a motion for new trial is reviewed for abuse of discretion." *Gregory v. Graves*, No. 06-23-00005-CV, 2023 WL 8446339, at *6 (Tex. App.—Texarkana Dec. 6, 2023, no pet.) (mem. op.) (quoting *In re Marriage of Sandoval*, 619 S.W.3d 716, 719 (Tex. 2021) (per curiam) (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984))). "[A] defendant may rely on the equitable *Craddock*[1] doctrine to set aside a default judgment and secure a new trial." *Tabakman v. Tabakman*, No. 24-0919, 2025 WL 3492090, at *2 (Tex. Dec. 5, 2025) (per curiam) (citing *In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022) (per curiam)).

> The *Craddock* test has three elements:  "(1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff."

*Id.* (quoting *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006) (per curiam)).  "When these elements are satisfied, a motion for new trial must be granted." *Id.* (citing *In re R.R.*, at 114–15, 117).

## B.    Analysis

At the outset of his second issue, Father reasserts his contention that the relief granted was outside of the relief requested, and therefore, he argues that he could not have been consciously indifferent.  Having already determined that the pleadings supported the relief granted, we need not readdress that issue here.  Thus, Father "concedes that the face of the record

---

[1]*See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939).

itself may not *directly* support that he was not consciously indifferent to [Mother's] Motion," and we agree. Father was admittedly consciously indifferent to Mother's motion until such time as the final order was entered, and he disagreed with the trial court's rulings.[2]

We conclude that Father failed to meet his burden to prove the first prong of the *Craddock* test by demonstrating that his failure to answer before judgment was due to a mistake or accident, as opposed to intentional disregard or conscious indifference on his part. Accordingly, the trial court did not abuse its discretion by failing to grant Father's motion for new trial. As a result, we overrule Father's second issue.

## III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     March 4, 2026
Date Decided:       March 12, 2026

---

[2]We note that while the Supreme Court of Texas recently made clear in *Tabakman* that "[e]ven if a defendant does not satisfy the *Craddock* test, a trial court has broad discretion to determine that another ground identified in the defendant's motion constitutes 'good cause' to order a new trial following a default judgment," here, no such good cause exists. *Tabakman*, 2025 WL 3492090, at *2 n.3.

8