**Raul REYES, Appellant,**

v.

**Estella M. GONZALES and the Office of the Attorney General of Texas, Appellees.**

No. 08–96–00418–CV.

Court of Appeals of Texas, El Paso.

Jan. 13, 2000.

Rehearing Overruled March 1, 2000.

Christopher McCormack, Midland, TX, for appellant.

John B. Worley, Assistant Attorney General, Austin, Dan Morales, Attorney General of Texas, Austin, Lilly A. Plummer, Odessa, TX, for appellee.

BEFORE: Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON MOTION
## FOR REHEARING

RICHARD BARAJAS, Chief Justice.

We issued our original opinion in this case on April 16, 1998. That opinion affirmed the judgment of the trial court. Appellant, Raul Reyes, subsequently filed a Motion for Rehearing. We grant Raul Reyes' Motion for Rehearing, withdraw our opinion of April 16, 1998, and substitute the following in its stead.

This is an appeal from an Order Enforcing Child Support Obligation. Raul Reyes contends that the order violates certain anti-attachment provisions of the Social Security Act and the Supremacy Clause of the United States Constitution by includ-

ing his Supplemental Security Income (SSI) benefits in the calculation of net resources for the purpose of determining child support. We reverse and remand.

## I. SUMMARY OF THE EVIDENCE

### A. Procedural History

Appellant Raul Reyes initiated the underlying action by filing a Motion to Modify in Suit Affecting the Parent–Child Relationship in April, 1996. Raul Reyes sought modification and reduction of the child support order directing him to pay child support for the benefit of the minor child Estella M. Reyes. The Attorney General filed a Motion to Enforce the Order. The court found that there was a material and substantial change in Raul Reyes' circumstances and reduced the amount of his child support obligation to $82.25 a month. The court also ordered payments of $25 per month for the amount in arrears. The court overruled Raul Reyes' motion to exclude his Supplemental Security Income Disability Benefits from his net resources for the purpose of establishing child support. Raul Reyes filed a Motion for New Trial, which was overruled by the court. This appeal followed.

### B. Factual History

Appellant Raul Reyes applied for SSI in 1993 after suffering a stroke. He receives $470 per month in SSI benefits and food stamps having a cash value of $131 per month. Out of his monthly SSI check, he spends $204 for his van, $116 to pay loans used to buy furniture, clothes, and a refrigerator, and to send his stepsons and his son of his second marriage to school.

Raul Reyes has a daughter, Estella, who is the subject of this suit. Raul Reyes was ordered to pay child support for her in 1991. He failed to pay this support in 1992 and 1993, and in 1994, the court ordered him to pay $135 per month. After the 1994 order, Raul Reyes paid the proceeds of his account with the Teacher's Retirement System into the child support

registry for Estella. He did not pay support in 1996.

## II. DISCUSSION

Appellant Raul Reyes brings four points of error. He contends that the inclusion of his Supplemental Security Income within the calculation of net resources for the purpose of establishing child support violates the Supremacy Clause of the United States Constitution and the Anti–Alienation Provisions of the Social Security Act, and that the trial court erred by including this source of income. We begin with a discussion of the standard of review.

### 1. Standard of Review

■■■ A court's child support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of the court's discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test is whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *See Simon v. York Crane and Rigging Co.*, 739 S.W.2d 793 (Tex.1987). If the court determines a material and substantial change has occurred, the extent of the alteration of the amount of child support also lies within the court's discretion. *See In the Matter of the Marriage of Hamer*, 906 S.W.2d 263, 265 (Tex. App.—Amarillo 1995, no writ); *Thomas v. Thomas*, 895 S.W.2d 895, 897 (Tex.App.—Waco 1995, writ denied). When there is some evidence of a substantive and probative character to support the decision, no abuse of discretion occurs. *See Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). In determining whether the trial court abused its discretion in setting a child support order, we will affirm so long as there is some evidence of a substantive and probative character to support the trial court's decision. *See Thomas*, 895 S.W.2d at 896; *see also, Wilemon v. Wilemon*, 930 S.W.2d 290, 294 (Tex.App.—Waco 1996).

### A. Anti–Attachment Provision

In Issue Two, Appellant contends that the Anti–Attachment Provision of the Social Security Act prohibits the trial judge from considering his SSI Disability Benefits in calculation of net resources for child support purposes. The Anti–Attachment Provision for SSI reads:

> The provisions of section 407 of this title and subsections (a), (d), and (e) of section 405 of this title shall apply with respect to this part to the same extent as they apply in the case of subchapter II of this chapter.

42 U.S.C. § 1383(d)(1) (Supp.1999).

"Section 407" refers to 42 U.S.C. § 407 (1991), which is the anti-attachment provision for social security benefits and is found in subchapter II of the Social Security Act. Section 407 provides:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407 (1991).

An exception to the anti-attachment provision for social security insurance benefits does exist and it provides:

> (a) Consent to support enforcement. Notwithstanding any other provision of law (including section 407 of this title and section 5301 of Title 38), effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any

agency, subdivision, or instrumentality thereof) to any individual, including members of the Armed Forces of the United States, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to withholding in accordance with State law enacted pursuant to subsections (a)(1) and (b) of section 666 of this title and regulations of the Secretary under such subsections, and to any other legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support or alimony.[1]

42 U.S.C. § 659(a) (Supp.1999).

▪ Appellant argues that Section 659 is applicable only to monies or benefits based on remuneration for employment, including compensation payable for personal services and periodic benefits under the insurance system. Because there is no specific reference to SSI Disability Benefits in the definitional section, Appellant claims that these benefits should not be included as an exception. We agree.

We find *Tennessee Department of Human Services ex rel. Young v. Young*, 802 S.W.2d 594 (Tenn.1990) to be instructive. Johnny and Lisa Young were divorced and Ms. Young was awarded custody of their daughter. *Id.* at 595. Mr. Young was ordered to pay $100 per month for child support. *Id.* Mr. Young fell behind in his payments and the Department of Human Services filed contempt proceedings against him. *Id.* He was found to be in arrears and was ordered to resume the $100 monthly payments. *Id.* The judgment also called for garnishment of his "SSI check" through the Social Security Administration. *Id.* At the hearing before the domestic relations judge, Mr. Young established that his income was limited to

the Supplemental Security Income he received in the amount of $386 per month. *Id.* The judge, however, affirmed the garnishment order. *Id.* Mr. Young's appeal to the court of appeals was also unsuccessful. *Id.* Thereafter he appealed to the Tennessee Supreme Court, who concluded that his claim of exemption was meritorious. *Id.*

After analyzing the same statutes at issue in the case at bar, the Tennessee Supreme Court reasoned that Section 407(b) specifically prohibits modification of the anti-garnishment provision in Section 407(a) other than by express reference, and that Section 659, enacted after the provision in Section 1383(d)(1), makes no express reference to the exemption of SSI benefits from the grant of sovereign immunity. *Id.* at 599. The court further explained that Section 659 applies only to monies paid by the federal government, "'the entitlement to which is based upon remuneration for employment.'" *Id.* The court reasoned that because SSI benefits are paid to those who are by definition unemployed and unemployable, the receipt of SSI benefits cannot be said to be based upon "'remuneration for employment.'" *Id.* The court concluded that by definition, SSI payments are not included in the funds to which "'express reference'" is made and that SSI benefits fall within the preexisting anti-garnishment provision of Section 407(a). *Id.* The court declined to hold "'that the recipient's family falls within a 'protected category' so as to create an inescapable obligation upon the recipient.'" *Id.* Thus, the court held that Mr. Young's SSI benefits were not subject to the garnishment order entered in the trial court. *Id.*

While Appellant was not subjected to a garnishment order in the case at bar, he argues that by including his SSI benefits in the calculation for child support, the court erred in that if he fails to pay, his

---

1. This is the text of the recently amended Section 659. This case was tried under the former version of Section 659, but the changes made by the amendment do not make a material difference.

**520**

SSI benefits cannot be garnished to pay the obligation. We agree. Because Section 659 is applicable only to monies or benefits based on remuneration for employment and because there is no specific reference to SSI Disability Benefits in the definitional section, these benefits should not have been included as an exception. Accordingly, we sustain Issue No. Two.

Having sustained Issue No. Two and finding it dispositive, we need not address Appellant's remaining issues. The judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.