

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-17-00130-CV |
| § |  |
| IN THE INTEREST OF A.A.T.,     § | Appeal from |
| A MINOR CHILD     § | 383rd District Court |
| § | of El Paso County, Texas |
| § | (TC # 2005AG8332) |
| § |  |

**O P I N I O N**

Andres Tellez and Cynthia Rodriguez are the parents of A.A.T., a minor child. Tellez filed a motion to modify a prior child support order, arguing that his circumstances had materially and substantially changed due to a disability he suffered since the rendition of the prior order. The trial court denied his motion and awarded attorney's fees in favor of Rodriguez. On appeal, Rodriguez contends that the trial court abused its discretion in denying his motion and in awarding attorney's fees to Rodriguez.[1] Because we agree that the trial court abused its discretion in denying the motion, we reverse and remand to the trial court for further proceedings.

**PROCEDURAL AND FACTUAL BACKGROUND**

On February 9, 2006, the trial court entered an agreed order in a suit affecting the parent

---

[1] This case was submitted on Tellez's brief only since Rodriguez did not file a brief.

child relationship (SAPCR), setting Tellez's monthly child support obligation for A.A.T. at $128.00, and his monthly medical support obligation at $25.00.[2]  Subsequently, on August 11, 2012, the trial court entered an agreed order enforcing and modifying Tellez's support obligation, finding that Tellez was in arrears in both his child support and medical support obligations.  The trial court ordered Tellez to make payments on the arrearages, and modified the amount of child support that Tellez was obligated to pay.[3]  In that order, the trial court expressly found that Tellez's gross monthly resources were $1,516.66, and that his net monthly resources were $1,303.56.  As Tellez had one other minor child at the time for whom he had a duty of support, the trial court set Tellez's child support obligation at 17.50% of his net resources in accordance with the statutory guidelines, and ordered him to pay child support of $228.00 a month, and medical support of $57.00 a month.  *See* TEX.FAM.CODE ANN. § 154.129 (setting forth statutory guidelines in multi-family cases).

As discussed in more detail below, shortly thereafter, on August 24, 2012, Tellez suffered a stroke, and the Social Security Administration later determined that Tellez was disabled and unable to work, at which time he began receiving Supplemental Security Income (SSI) benefits. On November 1, 2013, Tellez filed a motion to modify the prior child support order, contending that his circumstances had materially and substantially changed since the rendition date of that order.  Rodriguez filed an answer to the motion, generally denying Tellez's allegations.

On October 1, 2014, an associate judge found that material and substantial changes existed, and recommended modifying the prior child support order to reduce Tellez's child support

---

[2] This order did not include any findings regarding Tellez's net resources.

[3] The trial court also found Tellez in contempt for his failure to pay child support, and ordered him committed to the county jail for 180 days, but suspended his commitment and placed him on community supervision for 120 months.

obligation to zero.  In an order dated October 31, 2014, the trial court adopted the associate judge's recommendation, reducing his child support obligations to zero finding that Tellez's allegations were true and that the requested modification was in the best interest of the child. [4]

On November 21, 2014, Rodriguez filed a motion for new trial, asserting that the trial court abused its discretion in reducing Tellez's support obligations to zero, and that she had "newly discovered evidence" to support her motion.  The newly discovered evidence, which Rodriguez attached to her motion, was a statement from the Social Security Administration, indicating that Tellez was receiving SSI benefits of $480.67 a month due to a disability, but that the program from which he was receiving benefits would not allow his dependent minor children to receive any benefits. Following a hearing in front of an associate judge, Rodriguez's motion for new trial was denied, but Rodriguez thereafter filed a request for a "de novo hearing."[5]  In her request, Rodriguez acknowledged that Tellez was receiving SSI benefits, she alleged that Tellez was "able to work," and that he "had been seen working."  On February 12, 2015, the trial court issued an order granting Rodriguez's motion for new trial, and set a hearing on Tellez's motion to modify.

**The Hearing**

After several resets, the trial court held the hearing on Tellez's motion on February 24, 2017, at which time the subject child was 13 years old.  At the hearing, Tellez testified that when the prior child support order was entered on August 11, 2012, he was working for his family's business, Tellez Motors, where he had worked for 20 years since age 18.  Tellez testified, however, that almost two weeks later, on August 24, 2012, he had a stroke which resulted in

---

[4] It is unclear from the record whether a hearing was held on Tellez's motion to modify prior to the entry of this order.

[5] The appellate record does not contain the reporter's record from this hearing.

internal bleeding in his brain and memory loss, leaving him disabled and unable to work or drive.[6]

Although Tellez did not provide any medical records, he testified that he was hospitalized after the stroke, was still under a doctor's treatment at the time of the hearing, and was taking medication as the result of his stroke to prevent seizures.[7]

Tellez testified that because of his stroke, he had not worked at Tellez Motors or elsewhere since August of 2012, and that his only source of income came from his SSI benefits, which at the time of the hearing were set at $490.00 a month.[8]   At the hearing, Tellez submitted two letters from the Social Security Administration, dated November 30, 2014 and November 27, 2016, to establish that he was receiving SSI benefits.[9]   Tellez expressed his understanding that he would continue to receive SSI benefits until such time as he was able to return to work, and that as of the hearing date, the Social Security Administration had not made a finding that he was able to work. Tellez also testified that he had no other financial resources and no means to generate any income.

Although Rodriguez did not dispute that Tellez had suffered a stroke or that he was receiving SSI benefits, she expressed her belief that he was still working for his father at Tellez Motors, testifying that she observed him showing a vehicle to a customer in October of 2014, over two years prior to the hearing, and that some of her "friends and neighbors" had also seen him

---

[6] Although Tellez did not explain how his stroke occurred, Rodriguez testified at the hearing that Tellez informed her that he had slipped and hit his head while taking his oldest daughter to college.

[7] Tellez's attorney introduced into evidence a bottle of Topiramate, which had been prescribed for Tellez.   Although the label from the bottle is not part of the appellate record, opposing counsel noted at the hearing that the medication could be used to treat either migraines or seizures.

[8] When asked by the trial court about his disability, Tellez testified that in addition to his stroke, his knees were "not real good" and that he was unable to pick up "heavy stuff."

[9] Both letters were notices that the amount of Tellez's monthly SSI benefits was being raised based on cost-of-living increases. The most recent increase, which was effective as of January of 2017, raised Tellez's monthly benefits from $488.67 to $490.00.

4

working at the business on unspecified occasions.   Rodriguez also testified that Tellez informed her that after his stroke, he still worked at his family's business "every now and then to help out his dad."   In addition, Rodriguez testified that in August of 2013, she had seen a Tellez Motors' banner with Tellez's name on it, which the Tellez family was using to advertise the business at an annual event held by her church.   Although Rodriguez testified that she had photographs of the banner from the August 2013 event, she did not bring them with her to court, and she acknowledged that she had not seen the banner since the 2013 event.

At the hearing, Rodriguez admitted that she had no documentary proof that Tellez was working at his family business, and had no proof that he had any income other than his SSI checks. However, she expressed her belief that his family might be paying him in cash for his work, as she had witnessed them do so in the past, when she and Appellant were living together prior to their separation several years ago.

Following the hearing, the trial court entered an order dated March 14, 2017, denying Tellez's motion to modify child support and granting Rodriguez's request for attorney's fees, awarding attorney's fees of $1,000.00 to Rodriguez.   Tellez thereafter filed a motion for new trial which was overruled by operation of law.[10]   This appeal followed.

**DISCUSSION**

Tellez challenges the trial court's order in two issues.   In his first issue, he contends that the trial court erred in denying his motion for modification because the undisputed evidence demonstrated the existence of a material and substantial change in his financial circumstances

---

[10] Tellez did not ask the trial court to enter any findings of fact or conclusions of law and none were entered.   As we have previously noted, when a motion to modify is denied, the trial court is generally not required to enter any such findings or conclusions.   *See In re J.A.H.*, 311 S.W.3d 536, 541-43 (Tex.App.--El Paso 2009, no pet.).

5

warranting the requested modification. In his second issue, he contends that the trial court abused its discretion in awarding attorney's fees to Rodriguez.

## Issue One: The Order Denying the Motion for Modification

### *Applicable Law and Standard of Review*

A court may modify a prior child support order if the circumstances of the child or a person affected by the order have materially and substantially changed since the order was rendered. TEX.FAM.CODE ANN. §§ 156.401(a)(1)(A),(a)(2). The person seeking a modification of child support has the burden of establishing a material and substantial change. *In re J.A.H.*, 311 S.W.3d 536, 541 (Tex.App.--El Paso 2009, no pet.), *citing Lindsey v. Lindsey,* 965 S.W.2d 589, 593 (Tex.App.--El Paso 1998, no pet.); *see also Hodson v. Keiser,* 81 S.W.3d 363, 368 (Tex.App.--El Paso 2002, no pet.). The court retains broad discretion in making the equitable decision of whether to modify a prior support order. *Id*.; *see also Hodson v. Keiser*, 81 S.W.3d 363, 368 (Tex.App.--El Paso 2002, no pet.). An order regarding child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *In re J.A.H.*, 311 S.W.3d at 540, *citing Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990).

In determining whether an abuse of discretion occurred, we engage in a two-pronged inquiry: "(1) Did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of discretion?" *In re J.A.H.*, 311 S.W. 3d at 540, *citing Lindsey,* 965 S.W.2d at 592. The operative inquiry in the first question is the sufficiency of the evidence. *In Interest of C. M. V.*, 479 S.W.3d 352, 358 (Tex.App.--El Paso 2015, no pet.), *citing In re T.M.P.,* 417 S.W.3d 557, 562 (Tex.App.--El Paso 2013, no pet.). Once we have determined whether sufficient evidence exists, we must then decide whether the trial court made a

reasonable decision, or conversely, whether the ruling was arbitrary and unreasonable. *In re J.A.H.*, 311 S.W. 3d at 540.

In determining whether there is legally sufficient evidence to support the trial court's decision, we consider the evidence in the light most favorable to the findings necessary to support the decision, and disregard evidence contrary to the findings unless a reasonable fact finder could not. *In re T.M.P.*, 417 S.W.3d at 562, *citing City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex. 2005). In making this determination, we are mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *In re J.A.H.*, 311 S.W.3d at 540, *citing City of Keller*, 168 S.W.3d at 819. When there is conflicting evidence, it is the province of the trier of fact to resolve such conflicts. *Id.*, *citing City of Keller*, at 820. Even if evidence is undisputed, it is the province of the trier of fact to draw from it whatever inferences it wishes so long as more than one inference is possible. *Id., citing City of Keller,* 168 S.W.3d at 821. However, if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.*

When reviewing the factual sufficiency of the evidence, we consider and weigh of all the evidence, and will set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Id* at 541; *see also In re T.M.P.*, 417 S.W.3d at 562-63; *Bates v. Tesar*, 81 S.W.3d 411, 424-25 (Tex.App--El Paso 2002, no pet.). The reviewing court cannot substitute its conclusions for those of the trier of fact, and therefore, if there is sufficient competent evidence of probative force to support the finding, it must be sustained. *In re J.A.H.*, 311 S.W.3d at 541; *see also In re B.A.W.*, 311 S.W.3d 544, 549 (Tex.App.--El Paso 2009, no pet.). It is not within the province of an appellate court to interfere with the trier of fact's

7

resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony, and we may not substitute our judgment for that of the trial court. *In re J.A.H.*, 311 S.W.3d at 541; *see also Bates*, 81 S.W.3d at 424-25

In determining whether a trial court erred in applying its discretion, the test is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *In re J.A.H.*, 311 S.W.3d at 541, *citing Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985). In other words, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Id., citing Smithson v. Cessna Aircraft Company,* 665 S.W.2d 439, 443 (Tex. 1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex. 1970). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id., citing Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex. 1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

When, as here, the trial court has not made any findings of fact or conclusions of law, we assume the trial court made all necessary findings to support its judgment and will affirm if the judgment can be upheld on any legal theory that is supported by the evidence. *Pedregon v. Sanchez*, 234 S.W.3d 90, 92 (Tex.App.--El Paso 2007, no pet.); *see also Garcia v. Garcia*, 170 S.W. 3d 644, 648 (Tex.App.--El Paso 2005, no pet.), *citing Worford*, 801 S.W.2d at 109; *see also Bailey v. Rodriguez*, 351 S.W.3d 424, 427 (Tex.App.--El Paso 2011, no pet.).

### Was there a Material and Substantial Change in Tellez's Circumstances?

It is well-established that an obligor is a person affected by a child support order, and

8

therefore a setback in the obligor's financial circumstances can be a basis for finding that a material and substantial change has occurred since the rendition of a prior child support order. *See, e.g., Reagins v. Walker,* 524 S.W.3d 757, 761 (Tex.App.--Houston [14th Dist.] 2017, no pet.); *see also Interest of J.Z.*, No. 02-17-00127-CV, 2018 WL 5289353, at *4 (Tex.App.--Fort Worth Oct. 25, 2018, no pet.)(mem. op.)(finding no abuse of discretion in modifying child support order where obligor presented evidence of a decrease in income); *Trammell v. Trammell*, 485 S.W.3d 571, 578 (Tex.App.--Houston [1st Dist.] 2016, no pet.)(obligor established a material and substantial change in circumstances by showing a significant decrease in income); *In re P.C.S.*, 320 S.W.3d 525, 531 (Tex.App.--Dallas 2010, pet. denied)(finding no abuse in granting a modification based on a material and substantial change in obligor's income). In determining whether a party's financial situation has materially and substantially changed, the trial court must compare the financial circumstances of the party at the time of the existing support order and the party's circumstances at the time the modification is sought. *See, e.g., London v. London*, 94 S.W.3d 139, 144 (Tex. App--Houston [14th Dist.] 2002, pet. denied); *see also Melton v. Toomey,* 350 S.W.3d 235, 238 (Tex.App.--San Antonio 2011, no pet.); *In re C.C.J.,* 244 S.W.3d 911, 917-18 (Tex.App.--Dallas 2008, no pet.). However, not every change in a party's income will qualify as a material and substantial, and instead, what is required is "a marked decrease in income or steady decline without offsetting circumstances." *See Plowman v. Ugalde*, No. 01-14-00851-CV, 2015 WL 6081666, at *4 (Tex.App.--Houston [1st Dist.] Oct. 15, 2015, no pet.), *citing Blanco v. Garcia,* 767 S.W.2d 896, 898 (Tex.App.--Corpus Christi 1989, no writ); *Watkins v. Austin,* 590 S.W.2d 830, 832 (Tex.App--Dallas 1979, no writ).

In the present case, the existing child support order established that Tellez had net monthly

9

resources of $1,303.56. Neither party disputed that figure, and both parties agreed that when the prior order was entered Tellez was employed at his family's business, where he worked, if not full time, at least on a regular basis. Further, as set forth above, the undisputed evidence demonstrated that shortly after the prior order was entered, Tellez suffered a stroke, which led to a finding by the Social Security Administration that he was disabled and could not work, and that he was receiving SSI benefits for his disability. In fact, Rodriguez judicially admitted as much in her motion for new trial, when she attached a statement from the Social Security Administration indicating that Tellez was in fact receiving SSI benefits for his disability, thereby precluding her from disputing that fact. *See generally Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001)(recognizing that an opposing party's pleadings can constitute a judicial admission that may substitute for evidence that has a "conclusive effect and bars the admitting party from later disputing the admitted fact."). Further, it is well-established that SSI benefits may not be considered in determining an obligor's net resources. TEX.FAM.CODE ANN. § 154.062(b)(5); *Reyes v. Gonzales*, 22 S.W.3d 516, 520 (Tex.App.--El Paso 2000, pet. denied)(recognizing that SSI benefits cannot be garnished to pay child support obligations).

While the trial court was free to assess Tellez's credibility as a witness, it was not free to give no effect to the undisputed evidence that Tellez had been determined to be disabled after the entry of the prior order, and that he was receiving SSI benefits for his disability; these facts, standing alone, demonstrated that Tellez had suffered a significant loss in his monthly net resources since the time of the prior child support order--from $1,303.56 to zero. *See, e.g., Tucker v. Tucker*, 908 S.W.2d 530, 534-35 (Tex.App.--San Antonio 1995, writ denied)(finding an abuse of discretion where trial court denied appellant's motion to modify his child support obligations,

10

holding that a trial court was not free to "give no effect to appellant's loss of one of his jobs, loss of his employer-provided housing, obligation to his youngest child, and bankruptcy"), *citing Escue v. Escue,* 810 S.W.2d 845, 849 (Tex.App--Texarkana 1991, no writ)(abuse of discretion to ignore father's obligation to pay IRS and to support additional child); *see also In re of D.A.B.*, No. 09-99-135 CV, 2001 WL 180977, at *4 (Tex.App.--Beaumont Feb. 22, 2001, no pet.)(not designated for publication)(finding abuse of discretion where trial court denied motion to modify where obligor presented undisputed evidence that he suffered a 50% drop in income since the prior child support ordered was entered**).** Therefore**,** in order to support its determination that Tellez's net resources had not substantially and materially changed despite his disability, the trial court would have had to agree with Rodriguez's argument that Tellez was either still continuing to work, earning the same or roughly the same income as he did before, or that he was able to work but was intentionally unemployed. Although related, we address these two considerations separately.

### Tellez's Actual Income

As a preliminary matter, we recognize that the trial court was not required to accept as true Tellez's testimony that he was no longer working and that he had no other source of income. *See, e.g.*, *In re N.T.*, 335 S.W.3d 660, 666 (Tex.App--El Paso 2011, no pet.), *citing Burney v. Burney,* 225 S.W.3d 208, 214 (Tex.App.--El Paso 2006, no pet.)(a trial court is not required to accept the obligor's evidence of income and net resources as true). Instead, the trial court could have impliedly found that Tellez had higher net resources than he claimed; however, in order to sustain such a finding, there must be some evidentiary support for it in the record. The record herein, however, is devoid of virtually any evidence to support a finding that Tellez continued to remain the same or roughly the same after that time.

As set forth above, Rodriguez testified at the hearing that she believed Tellez was still working at Tellez Motors based primarily on her observation of seeing him there on one isolated occasion in 2014, and Tellez's statement to her that he still worked there "every now and then to help out his dad." However, she admitted that she had no evidence of his actual employment status or his actual income. At most, her testimony supported a finding that Tellez may have occasionally assisted his family with their business, but there is nothing in the record to support a finding that he did so regularly, or more importantly, that his family continued to pay him substantially the same amount as they did at the time the prior child support order was entered.

While we recognize that it was Tellez's burden to demonstrate a material and substantial change in his financial circumstances, he did so when he provided undisputed evidence that he had suffered a stroke, and had thereafter been declared disabled and unable to work by the Social Security Administration. Rodriguez's testimony did little, if anything, to contradict this undisputed evidence. We therefore find insufficient evidence in the record to support a finding that there was not a material and substantial change to Tellez's net resources in light of his disability. *See generally Tucker*, 908 S.W.2d at 534-35 (finding no evidence in the record to contradict appellant's evidence of changed circumstances).

**Intentional Unemployment**

And finally, we consider the possibility that the trial court considered Tellez's potential earning ability rather than his actual income in denying the motion for modification. The Family Code allows a trial court to base a child support obligation on an obligor's earning potential rather than his actual income, where there is evidence to support a finding that the obligor is voluntarily

unemployed or underemployed. [11] *See*, *Iliff v. Iliff*, 339 S.W.3d 74, 80 (Tex. 2011), *citing* TEX.FAM.CODE ANN. § 154.066 ("If the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the [trial] court may apply the support guidelines to the earning potential of the obligor."); *see also Coburn v. Moreland*, 433 S.W.3d 809, 833 (Tex.App.--Austin 2014, no pet.)(recognizing that trial court may base a child support order on an obligor's potential earnings if it determines that the obligor is "voluntarily underemployed" or unemployed.).   However, when setting child support based on a finding of an obligor's earning potential, the trial court must make an express finding of intentional unemployment or underemployment, and any such finding must be supported by the record.   *Iliff*, 339 S.W.3d at 82.   In addition, when determining whether an obligor is intentionally unemployed or underemployed, shifting burdens are placed on the parties.   *Id*.   First, the obligor must offer proof of his or her current wages, and in response, the obligee bears the burden of showing that the obligor is intentionally unemployed or underemployed.   *Id*.   Thereafter, the obligor may present evidence in rebuttal.   *Id*.   Among these, the obligor may submit evidence that his employment situation stems from his "health needs."   *Id.* at 82.

In the present case, the trial court made no finding that Tellez was voluntarily unemployed and/or underemployed, nor does the record support such a finding.   As set forth above, Tellez presented undisputed evidence that he was receiving SSI benefits due to a health-related disability, and that he had not been deemed able to return to work by the Social Security Administration. Rodriguez did not attempt to contradict this evidence, and at most, presented speculative testimony

---

[11] The Court in *Iliff* noted that a trial court may make a finding of intentional unemployment or unemployment when initially setting child support, as well as in a modification proceeding when determining whether a material and substantial change in circumstances has occurred.   *Iliff*, 339 S.W.3d at 81, n.5.

13

that Tellez might still be working for his family's business and/or might be able to do so. Without more, Rodriguez's mere belief that Tellez was able to continue working in the same capacity as he did before his disability is insufficient to support a finding of intentional unemployment and/or underemployment. *See e.g., In Interest of I.Z.K.*, No. 04-16-00830-CV, 2018 WL 1176646, at *4 (Tex.App.--San Antonio Mar. 7, 2018, no pet.)(mem. op.)(finding that trial court abused its discretion in denying obligor's motion to modify child support where the trial court's decision was based solely on the obligee's speculative testimony that obligor, who was receiving disability income, was able to work despite his disability); *Reagins*, 524 S.W.3d at 762-63 (trial court abused its discretion in increasing obligor's child support obligations in modification proceeding where obligee only presented speculative testimony regarding her theory that obligor was intentionally underemployed and where the trial court did not make any finding of intentional underemployment); *Reddick v. Reddick*, 450 S.W.3d 182, 190 (Tex.App.--Houston [1st Dist.] 2014, no pet.)(testimony that father was capable of working more, without additional evidence of how father could do so, was insufficient to show intentional underemployment); *see generally Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937-38 (Tex. 1998)(recognizing that testimony based on a witness's speculative, subjective opinion is of no evidentiary value).

We therefore conclude that the trial court abused its discretion in denying Tellez's motion to modify the prior child support order, but given the inherently fact-finding nature of child support issues, we will reverse and remand to the trial court for further proceedings consistent with our opinion.[12]  *See Tucker*, 908 S.W.2d at 535.

---

[12] On remand, the trial court may consider evidence that Tellez has net resources beyond his SSI benefits and/or that he is intentionally underemployed or unemployed, despite his disability. *See generally Reyes v. Gonzales*, 22 S.W.3d 516, 518 (Tex.App.--El Paso 2000, pet. denied)(recognizing that if a trial court determines a material and substantial change has occurred, the extent of the alteration of the amount of child support also lies within the court's discretion).

Tellez's Issue One is sustained.

## ISSUE TWO: ATTORNEY FEES

Tellez next contends that the trial court abused its discretion in its award of attorney's fees to Rodriguez. As a preliminary matter, we recognize that the Texas Family Code provides that a trial court has the discretion to award fees to a party in a modification proceeding to be paid directly to the party's attorney. *See Tucker v. Thomas*, 419 S.W.3d 292, 296-97 (Tex. 2013), *citing* TEX.FAM.CODE ANN. § 106.002(a)(recognizing that in virtually any SAPCR proceeding, "the [trial] court may render judgment for reasonable attorney's fees and expenses . . . to be paid directly to an attorney."); *see also Bailey v. Rodriguez*, 351 S.W.3d 424, 427 (Tex.App.--El Paso 2011, no pet.)(recognizing that a trial court may enter an award of attorney fees in a modification proceeding). We also recognize that there is nothing in the Family Code that would limit a trial court's discretion to only awarding attorney's fees to the prevailing party in a SAPCR proceeding. *Coburn v. Moreland*, 433 S.W.3d 809, 838-41 (Tex.App--Austin 2014, no pet.).

Nevertheless, since we have found that the trial court abused its discretion in denying Tellez's motion to modify, and because we are remanding the matter to the trial court for further proceedings on the merits of Tellez's motion, we find it appropriate to allow the trial court to reconsider the award of attorney's fees on remand. *Trinity Drywall v. Toka Gen. Contrs.*, 416 S.W.3d 201, 215 (Tex.App--El Paso 2013, pet. denied)(reversing trial court's judgment and remanding for further proceedings on both the merits of the case and the issue of attorney's fees so the trial court has the opportunity to reconsider the award of attorney's fees), *citing Edwards Aquifer Auth. v. Chem. Lime, Ltd.,* 291 S.W.3d 392, 405 (Tex. 2009)(stating that the trial court

---

Our decision is strictly limited to a conclusion that the appellate record before us does not support a finding that Tellez's net resources did not materially and substantially change as the result of his disability.

15

should have the opportunity to reconsider its award of attorney's fees where claimant is no longer the prevailing party). We therefore reverse the trial court's award of attorney's fees to allow the court to reconsider the issue on remand.

Tellez's Issue Two is sustained.

## CONCLUSION

We reverse the trial court's judgment denying Tellez's motion to modify and its award of attorney's fees and remand to the trial court for further proceedings in accordance with our opinion.

August 28, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

16